UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN KETCH LLC,<br>　　　　　　Plaintiff,<br>　v.<br>SAN JUAN COUNTY,<br>　　　　　　Defendant. | CASE NO. C24-00931-KKE<br><br>ORDER DENYING STIPULATED MOTION TO REMAND |

　　　　Plaintiff John Ketch LLC sued Defendant San Juan County in San Juan County Superior Court, alleging state and federal claims arising out of Plaintiff's efforts to rebuild his home after a fire. *See* Dkt. No. 1-1. Plaintiff alleges state law land use, declaratory, and damages claims arising under chapters 36.70(C), 7.24, and 64.40 of the Revised Code of Washington, as well as federal claims pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. Defendant removed the case to this Court. Dkt. No. 1. The parties have now filed a stipulated motion for partial remand and stay of proceedings, seeking to remand the state law claims and stay the federal claims here. Dkt. No. 7. Because the legal support for the partial remand is unclear on this record, as explained herein, the Court will deny the motion without prejudice.

　　　　In order to evaluate the stipulated motion to remand, the Court must first look to the basis for its jurisdiction over Plaintiff's claims. *See Kakarala v. Wells Fargo Bank, NA*, 615 F. App'x

ORDER DENYING STIPULATED MOTION TO REMAND - 1

424, 425 (9th Cir. 2015). Specifically, if a court has original jurisdiction over a case, its "virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants" precludes it from remanding state law claims. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (quoting *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) (cleaned up)). Courts in this district have denied stipulated motions to remand on this basis. *See, e.g.*, Order, *Eric Evans v. Jacobs Solutions Inc., et al.*, No. 2:23-cv-01352-LK (W.D. Wash. May 28, 2024), ECF No. 17.

Here, Defendant's notice of removal (Dkt. No. 1) invoked this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, but "[w]hen a case is properly removed to federal court, the district court may exercise jurisdiction on all bases apparent from the complaint, not merely the basis raised in the removal notice." *Kakarala*, 615 F. App'x at 425. It appears from the complaint that the Court may also have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the parties appear to be domiciled in different states. *See* Dkt. Nos. 1-1 at 3, 6. While Plaintiff does not allege a specific amount in controversy, Plaintiff claims to have suffered "substantial" damages including "wasted funds spent on professional consultants, attorneys, and other third parties, significantly increased building materials, supplies, and labor costs, and loss of use of the Property." Dkt. No. 1-1 ¶ 3.33.

The parties have not provided any legal authority in support of their stipulated motion for partial remand and stay, which hampers the Court's ability to determine the proper course of action, given that courts in this district and other districts in this circuit have identified many relevant questions that must be answered before granting a motion for partial remand. *See, e.g.*, *Moriarty v. Am. Gen. Life Ins. Co.*, No. 3:17-cv-1709-BTM-WVG, 2022 WL 2959560, at *5 (S.D. Cal. July 26, 2022) (citing *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001)); *IHIF Com. LLC v. City of Issaquah*, No. C20-0247-RAJ-MAT, 2021 WL 11729669 (W.D. Wash. Jan. 27, 2021);

ORDER DENYING STIPULATED MOTION TO REMAND - 2

*Platt v. Moore*, No. CV-16-08262-PCT-BSB, 2019 WL 10248681, at *2 (D. Ariz. Feb. 26, 2019); *Bunch v. Nationwide Mut. Ins. Co.*, No. C12-1238JLR, 2012 WL 12846993, at *2 (W.D. Wash. Sep. 12, 2012). The parties have not, for example, identified any defect in the Court's jurisdiction over the case as properly removed, examined whether diversity jurisdiction exists that may preclude remand of the state law claims, or established the basis for remand of only certain claims, as opposed to the entire case. *See, e.g.*, *Lee,* 260 F.3d at 1006 (explaining that 28 U.S.C. § 1447(c) has been interpreted to mean that "the case must be remanded *only if* subject matter-jurisdiction is lacking over the *entire case*, and not over just some of the plaintiff's claims" (emphasis added)). As such, the Court is unable to evaluate the merits of the stipulated motion on this meager briefing.

Accordingly, because the parties have not clearly identified the legal support for their request to remand, the Court DENIES the stipulated motion (Dkt. No. 7) without prejudice. To the extent that either or both parties wish to renew the request for a partial remand and stay, they should submit a new motion (stipulated or not) containing applicable authority addressing the propriety of a partial remand in light of the concerns identified herein.

Dated this 16th day of July, 2024.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge