UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN KETCH LLC,<br>            Plaintiff(s),<br>    v.<br><br>SAN JUAN COUNTY,<br>            Defendant(s). | CASE NO. C24-00931-KKE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff John Ketch LLC is the owner of a residence in San Juan County, which burned to the ground in September 2019. After the building's destruction, Plaintiff submitted a building permit application to San Juan County (the "County"). The County initially denied issuance of the permit because the planned rebuild purportedly exceeded the height limitation in County building regulations. Plaintiff and the County exchanged correspondence for months, and eventually, the County approved the plans for the rebuild and issued the permit. Plaintiff now appeals the permit issuance and sues the County, alleging violations of state and federal law arising from the County's allegedly arbitrary decision-making process.

The County moves to dismiss, and Plaintiff moves for partial summary judgment. For the reasons below, the Court grants the motion to dismiss (Dkt. No. 9). Because Plaintiff's permit delay claim under Chapter 64.40 of the Washington Revised Code ("RCW") is time-barred and because amendment would be futile, this claim is dismissed with prejudice. The Court dismisses

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 1

Plaintiff's Land Use Petition Act ("LUPA") and RCW ch. 64.40 excessive permit conditions claims without prejudice and with leave to amend. Likewise, Plaintiff's federal constitutional claims under the Takings, Due Process, and Equal Protection clauses are dismissed without prejudice and with leave to amend.

The Court also denies Plaintiff's partial motion for summary judgment as moot (Dkt No. 12). To the extent that Plaintiff seeks declaratory and injunctive relief via its motion for summary judgment, its request is denied because Plaintiff has not shown entitlement to such relief.

## I. FACTUAL ALLEGATIONS[1]

Plaintiff John Ketch LLC is a California limited liability company. Dkt. No. 1-1 at 2. Plaintiff owns a tract of real property located on Orcas Island, within San Juan County. *Id.* ¶ 3.2. In September 2019, the residence on the property burned to the ground. *Id.* ¶ 3.3. Plaintiff then hired an architect to assist with designing and permitting a replacement structure where the previous building was located. *Id.* ¶ 3.4. In September and October 2021, Plaintiff's architect corresponded with the County's Department of Community Development about how the non-conforming structure provisions of the San Juan County Code ("SJCC") would apply to the proposed redevelopment. *Id.* ¶ 3.5. The architect submitted a diagram providing the calculations for the Average Grade Level ("AGL") to determine the maximum allowable height of the new home. *Id.* According to Plaintiff, the County responded and confirmed that the approach proposed by Plaintiff's architect complied with the SJCC. *Id.*

In January 2022, Plaintiff submitted a complete building permit application ("BUILD-22-0014") to the Department of Community Development. Dkt. No. 1-1 ¶ 3.6. In June 2022, the County requested Plaintiff provide an egress plan and suggested that the AGL was incorrect

---

[1] For purposes of a motion to dismiss, the Court assumes that the facts alleged in the complaint are true. *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 2

without elaborating as to why. *Id.* ¶ 3.7. In the following months, Plaintiff attempted to discuss the AGL calculation with County employees, who eventually stopped responding to Plaintiff's communications. *Id.* ¶ 3.8.

In November 2022, the County finally responded, explaining that the proposed replacement structure did not conform with the SJCC's maximum height allowance because it would be taller than the height of the previous legal, non-conforming building. *Id.* ¶ 3.9.

On June 2, 2023,[2] the County wrote Plaintiff a letter "denying the permit" because it did not comply with SJCC 18.50.090. Dkt. No. 1-1 ¶ 3.11. In particular, the County's letter stated that BUILD-22-0014 was denied "because the height of the proposed redevelopment is greater than the original fire destroyed structure" and would be "located within the Shoreline Aesthetic Setback which extends 100 feet inland from the Top of Bank." *Id.* The letter lastly stated that the proposed replacement structure "could be replaced in its original three-dimensional envelope." *Id.*

On June 20, 2023, Plaintiff appealed the June 2, 2023 denial letter. Dkt. No. 1-1 ¶ 3.12. To date, the County Hearing Examiner has yet to set this appeal for a hearing. *Id.* ¶ 3.13. Plaintiff then directed its architect to design new plans that complied with the County's requirements, as explained in the June 2, 2023 letter. *Id.* ¶ 3.14. In October 2023, the County's Hearing Examiner issued a decision in an unrelated appeal, which declared that under SJCC 18.50.090, the replacement of a legal, non-conforming structure is not confined to the "original three-dimensional envelope"—as stated in the June 2, 2023 denial letter. *Id.* ¶ 3.15.

Later that month, the County "allowed Plaintiff to increase the height of the proposed replacement structure beyond the original height" but then "asserted that the height of the proposed

---

[2] Plaintiff does not allege any further communications between Plaintiff and the County from November 2022 to June 2, 2023. *Id.* at 5. Neither Plaintiff nor the County claim that Plaintiff submitted the requested egress plan or that further correspondence between the parties occurred. *Id.*; Dkt. No. 9 at 2.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 3

replacement structure was still prohibited" by the SJCC. Dkt. No. 1-1 ¶ 3.16. Plaintiff alleges that at several points during correspondence with the County, it asserted a method for calculating AGL that does not appear in the SJCC. *Id.* ¶¶ 3.17–3.18. As Plaintiff continued to exchange correspondence with the County regarding AGL calculations, the County never provided Plaintiff with a final and appealable decision on the AGL issue. *Id.* ¶¶ 3.19–3.25.

On May 8, 2024, the County issued a building permit to Plaintiff, approving the same plans that Plaintiff initially submitted more than two years earlier, in January 2022. Dkt. No. 1-1 ¶ 3.31. On May 28, 2024, Plaintiff filed another appeal with the Hearing Examiner, arguing that the County's decision-making process was arbitrary and violated his constitutional and state statutory rights. Dkt. Nos. 1-3, 1-1 ¶ 3.35.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed the instant complaint in San Juan County Superior Court on May 28, 2024 (Dkt. No. 1-1 at 2), alleging that the County's arbitrary decision-making violated state law and Plaintiff's federal constitutional rights. *Id.* at 3. The County removed the complaint to this Court on June 26, 2024. Dkt. No. 1. Almost a month later, the parties stipulated to a partial remand and stay of proceedings, seeking to remand the Washington state statutory claims and to stay the federal claims. Dkt. No. 7. The Court denied the motion for partial remand and stay without prejudice. Dkt. No. 8. In response, the County declined to renew the motion for partial remand and moved to dismiss this case for failure to state a claim under Rule 12(b)(6). Dkt. No. 9. Plaintiff also moved for partial summary judgment, requesting that the Court dismiss the Land Use Petition Act claim. Dkt. No. 12. The parties have fully briefed both motions, and the County's motion to dismiss and Plaintiff's motion for summary judgment are ripe for the Court's consideration.

### III.   ANALYSIS

**A.   Jurisdiction**

This Court has federal question jurisdiction over Plaintiff's constitutional claims under 28 U.S.C. § 1331, and supplemental jurisdiction over its Washington state statutory claims.  *See* 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution…."); 28 U.S.C. § 1367.

**B.   Motion to Dismiss Standard Under Rule 12(b)(6).[3]**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

If a court decides to dismiss a complaint for failure to state a claim, it should grant leave to amend even if no such request was made, unless the pleading cannot be cured by alleging other facts.  *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Olympus Spa v. Armstrong*, 675 F. Supp. 3d 1168, 1201 (W.D. Wash. 2023).

---

[3] Because Plaintiff's partial motion for summary judgment substantively responds to the County's motion to dismiss and agrees that its LUPA claim should ultimately be dismissed, the summary judgment motion is moot.  For brevity, the Court only analyzes this issue under the 12(b)(6) standard.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 5

**C.      Plaintiff's State Law Claims Are Dismissed.**

1. <u>Plaintiff does not state a cognizable claim under Chapter 36.70C of the RCW.</u>

In the complaint, Plaintiff initially argued that it was entitled to relief under LUPA. Dkt. No. 1-1 at 12. Plaintiff then moved for partial summary judgment, requesting that the Court dismiss the same LUPA claim because "the San Juan County Hearing Examiner does not have the authority or jurisdiction to entertain Plaintiff's claims in this matter" and "Plaintiff's claims do not constitute land use decisions under LUPA." Dkt. No. 12 at 10 (cleaned up). While Plaintiff's motion is styled as a motion for summary judgment, it substantively responds to the County's motion to dismiss and makes requests for injunctive and declaratory relief. *Id.* at 8. In response, the County asserts that this motion is unnecessary and rendered moot by the Court's decision on the motion to dismiss. Dkt. No. 16. The County argues that Plaintiff should instead voluntarily dismiss its LUPA appeal. *Id.* at 4.

The County is correct. The parties agree that Plaintiff cannot appeal its permit-related claims under LUPA and that the San Juan County Hearing Examiner does not have authority over its constitutional claims. Dkt. No. 9 at 4–5, Dkt. No. 12 at 6, 8–10. LUPA defines a "land use decision" as "a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination, including those with authority to hear appeals." WASH. REV. CODE § 36.70C.020. An applicant has standing to bring a LUPA petition when he or she has "exhausted his or her administrative remedies to the extent required by law." WASH. REV. CODE § 36.70C.060(2)(d). Here, the San Juan County Hearing Examiner is the County officer with the highest authority to make decisions on BUILD-22-0014. *See* SJCC § 18.80.140(B)(11) ("The San Juan County Hearing Examiner has authority to conduct open-record appeal hearings of…[d]evelopment permits issued or approved by the director.") (cleaned up).

Plaintiff challenged the County's decision-making process twice—once on June 20, 2023, to appeal the County's June 2, 2023 denial letter and again on May 28, 2024, after the permit was ultimately issued. Dkt. Nos. 1-1 ¶¶ 3.12, 3.35; 1-3 (May 2024 appeal to Hearing Examiner). The 2023 appeal was never set for hearing and remains pending, and Plaintiff does not indicate whether he received a hearing date for the 2024 appeal. Dkt. No. 1-1 ¶ 3.13. The County's decision to issue or deny the building permit is not a final County action subject to LUPA without a final decision from the County Hearing Examiner. *Durland v. San Juan Cnty.*, 340 P.3d 191, 196 (Wash. 2014) (holding that because a building permit issuance was subject to appeal to a hearing examiner "only a decision by the hearing examiner qualifies as a land use decision"). Thus, because the Hearing Examiner has not issued a decision in either appeal, any potential LUPA action regarding the County's decision-making process is not yet ripe.

That said, while the Court agrees with the County that Plaintiff should have voluntarily dismissed its LUPA claim, it also recognizes that Plaintiff did not fail to exhaust its administrative remedies. Rather, the Hearing Examiner stymied Plaintiff's potential LUPA appeal by failing to schedule a hearing date and provide Plaintiff with a final land use decision. Additionally, the Hearing Examiner does not have authority over Plaintiff's constitutional claims, which are not land use decisions under LUPA, and Plaintiff's grievances cannot be fully resolved in that forum. *See Miller v. City of Sammamish*, 447 P.3d 593, 600 n.2 (Wash. Ct. App. 2019); *Exendine v. City of Sammamish*, 113 P.3d 494, 500–01 (Wash. Ct. App. 2005). Regardless, these underlying considerations are moot given Plaintiff's agreement that this claim should be dismissed, and the Court therefore dismisses Plaintiff's LUPA claim without prejudice. Plaintiff's partial motion for summary judgment is likewise denied as moot.

2. <u>Plaintiff fails to state a claim for damages under RCW ch. 64.40 for permit delay or excessive permit conditions.</u>

Chapter 64.40 of the RCW creates a cause of action for project permit applicants based on arbitrary agency action. Specifically, project permit applicants are entitled to damages "from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law." WASH. REV. CODE § 64.40.020. The term "act" as used in RCW ch. 64.40.010(6) describes two categories of conduct that may give rise to a claim under RCW ch. 64.40: excessive permit conditions and permit delay. *Birnbaum v. Pierce Cnty.*, 274 P.3d 1070, 1073–74 (Wash. Ct. App. 2012). Claims under RCW ch. 64.40 must be brought "only within thirty days after all administrative remedies have been exhausted." WASH. REV. CODE § 64.40.030.

Here, Plaintiff complains generally of arbitrary conduct and delay associated with the issuance of his permit. As detailed below, Plaintiff fails to identify any permit conditions subject to challenge under RCW ch. 64.40, and his claim for delay is time-barred.

    a.    *Plaintiff does not challenge any permit conditions.*

Chapter 64.40 empowers permit applicants to challenge excessive permit conditions, which arise when an agency imposes "requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable regulations in effect on the date an application for a permit is filed." WASH. REV. CODE § 64.40.010(6). "[RCW ch. 64.40.010(6)] focuses on the content of the final decision, the permit, and nothing else." *Birnbaum*, 274 P.3d at 1073. In this case, the complaint does not include any allegations relating to the "conditions" of BUILD-22-0014, rather the gravamen of Plaintiff's complaint concerns the process by which the permit was obtained. Dkt. No. 1-1 at ¶ 3.33 ("Defendant's processing, review, misinterpretation and application of the San Juan County Code pertaining to BUILD-22-0014, and the Appeal, was

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 8

unlawful…."). Such claims are not actionable under RCW ch. 64.40. *Coy v. City of Duvall*, 298 P.3d 134, 138 (Wash. Ct. App. 2013), *overruled on other grounds by Durland*, 340 P.3d 191 (city's conduct during the application process is not actionable).

Thus, this theory of liability fails, and the Court dismisses this claim without prejudice.

  b.  *Plaintiff's claim for delay is time-barred.*

While Plaintiff has alleged damages arising from the delay leading up to the issuance of his permit, this cause of action is time-barred. As noted above, claims under RCW ch. 64.40 must be brought within 30 days of exhaustion of administrative remedies. WASH. REV. CODE § 64.40.030. Recognizing that a delay claim hinges on the County's failure to timely act, in this context, there is "no administrative remedy to exhaust." *Birnbaum*, 274 P.3d at 1075. As such, when the claim arises from an alleged delay in issuing a permit, Washington courts have interpreted the statute of limitations to begin to run from the date on which a county should have issued a permitting decision. *Id.* at 1073. Chapter 36.70B of the RCW "requires local governments to maintain regulations that require a permit decision within 120 days." WASH. REV. CODE § 36.70B.080; *see also Birnbaum*, 274 P.3d at 1072. SJCC 18.80.130(D) requires the same, stating that the "notice of decision shall be issued within 120 days after the County notifies the applicant that the application is complete," unless an exception applies. The 30-day statute of limitations on a delay claim under RCW ch. 64.40 therefore begins to run when project review has been pending for 120 days. *Birnbaum*, 274 P.3d at 1072.

Here, Plaintiff alleges that it submitted a permit application to the County in January 2022. Construing the facts in Plaintiff's favor to assume that Plaintiff submitted a complete application on January 31, 2022, then the County's deadline to provide a permit decision was May 31, 2022. Plaintiff states that the County did not communicate about the permit application until June 2022. By that time, Plaintiff's time to appeal the County's delay had already begun to run, with his 30-

day limitations period ending on June 29, 2022. Plaintiff filed the instant action almost two years later, on May 28, 2024. Dkt. No. 1-1 at 2.

The Washington Court of Appeals faced a nearly identical situation in *Birnbaum*. There, the applicant applied for a permit on February 23, 2005, and the Hearing Examiner approved the challenged permit on March 15, 2010. *Birnbaum*, 274 P.3d at 1071. Birnbaum filed suit within 30 days of the Hearing Examiner's 2010 decision, seeking damages for permit delay as Plaintiff does here. *Id.* Like Plaintiff, Birnbaum argued that she could not have filed her complaint until the County issued its final decision. *Id.* at 1072. Refusing this argument, the Court of Appeals held that the statute of limitations on Birnbaum's permit delay claim began to run 120 days after February 23, 2005. *Id.* The Court squarely rejected Birnbaum's claim that such a deadline is unworkable, observing that the limitations on claims for permit delays flow directly from the statutory language. *Id.* at 1073 n.1 ("These are limitations which flow from the language of the statute. We are not at liberty to rewrite them.").

Plaintiff attempts to distinguish *Birnbaum* on the grounds that that case involved a conditional use permit and not a building permit, but that is a distinction without a difference. Dkt. No. 13 at 9. Plaintiff also argues that *Birnbaum* does not apply because here, the 120-day period should be tolled by virtue of SJCC 18.80.130(D). *Id.* at 11–12. SJCC 18.80.130(D)(1)(d) provides that in calculating the time for issuance of the notice of decision "[a]ny extension of time mutually agreed upon by the applicant and San Juan County" is excluded. In its briefing, Plaintiff argues that both the County's deadline to issue a decision and Plaintiff's time limit to appeal should be tolled because the parties mutually agreed that the County would receive an extension of time. Plaintiff contends that this exception "does not require such agreement to be express or in writing" and that under the Rule 12(b)(6) standard, the Court should construe the facts in Plaintiff's favor

and infer that the parties mutually agreed to extend the County's decision-making period. Dkt. No. 13 at 12.

The Court is unpersuaded. First, Plaintiff provides no authority supporting its argument that SJCC 18.80.130(D)(1)(d) does not require an express agreement. In fact, RCW ch. 64.40.010 suggests the opposite—that agreements on extensions of time must be in writing. WASH. REV. CODE § 64.40.010(6) (stating that "there is no 'act' within the meaning of this section when the owner of a property interest agrees *in writing* to extensions of time, or to the conditions or limitations imposed upon an application for a permit") (emphasis added). Second, the complaint includes no facts supporting any kind of agreement between the parties. Such threadbare pleading does not "raise a right to relief above a speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

Moreover, this defect cannot be cured by amendment because Plaintiff cannot allege additional facts, consistent with the operative complaint, that would show that an exception under SJCC 18.80.130(D)(1)(d) applies. The complaint states that the County first contacted Plaintiff in June 2022, when its deadline to provide a final decision had already passed. By the plain language of SJCC 18.80.130(D), which applies to "calculating the time for issuance of the notice of decision[,]" the exceptions under this provision may add time *before* the 120-day decision-making period expires, but not after. *See Birnbaum*, 274 P.3d at 1072. It would be nonsensical to conclude that SJCC 18.80.130(D)'s exceptions are meant to nullify ripe claims. *See id.* at 1073 (citing *Callfas v. Dep't of Constr. & Land Use*, 120 P.3d 110, 119 (Wash. 2005)). In short, by May 31, 2022, at the latest, the County had already "acted" for the purposes of a permit delay claim under RCW ch. 64.40.020.

Finally, the Court rejects Plaintiff's argument that *Hayes v. City of Seattle* creates any exception that applies here. 934 P.2d 1179, *opinion corrected*, 943 P.2d 265 (Wash. 1997). Rather, *Hayes* does not apply because that case did not involve a claim for permit delay. There,

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 11

Hayes successfully challenged the conditions imposed on a master use permit and reapplied with the local agency to obtain a permit without the improper and arbitrary conditions. *Id.* at 1183–84. Then, Hayes sued for damages. *Id.* The Washington Supreme Court concluded that the final "act" that triggered the statute of limitations was the reissuance of the permit without the challenged conditions. *Id.* at 1184. Because Hayes timely filed a claim for damages within 30 days of the corrected permit's issuance, his case was not time-barred. *Id.*

Here, by contrast, Plaintiff's damages claim became ripe in May 2022, when the County missed their deadline to decide. *Birnbaum*, 274 P.3d at 1072–73. As such, Plaintiff's claim for permit delay damages is time-barred. Because amendment will not cure this defect, the Court dismisses the claim with prejudice.

D.    **Plaintiff's Constitutional Claims Are Dismissed Without Prejudice.**

As an initial matter, for each of Plaintiff's constitutional claims, the complaint merely "recites a collection of general factual allegations at the outset but fails to connect those facts to the elements comprising plaintiff's causes of action[.]" *Watt v. Antillen N.V.*, No. 2:24-cv-00155-RSL, 2024 WL 4436966, at *2 (W.D. Wash. Oct. 7, 2024); *see, e.g.*, Dkt. No. 1-1 at 14 ("Petitioner re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein."). While this Court does not require a magic formula to survive a Rule 12(b)(6) motion, this style of complaint is impermissible when it "denies defendants adequate notice of the allegations supporting each cause of action." *Watt*, 2024 WL 4436966 at *2 (describing shotgun pleadings). Further, such patchwork pleading requires the Court to engage in guesswork to piece the puzzle together. This goes beyond the Court's obligation to draw reasonable inferences in Plaintiff's favor, as Plaintiff has failed to plead the requisite factual content to allow the Court to do so. *See Ashcroft*, 556 U.S. at 678. "Conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" do not satisfy Plaintiff's burden to plead sufficient facts. *Nissen v.*

*Lindquist*, No. C16-5093 BHS, 2017 WL 26843, at *2 (W.D. Wash. Jan. 3, 2017) (citation omitted).

As detailed below, each of Plaintiff's constitutional claims suffers from this defect, and as such, each is dismissed without prejudice and with leave to amend.[4]

1. <u>Plaintiff fails to state a takings claim.</u>

To state a claim under the Fifth Amendment's Takings clause, Plaintiff must show that the government took his private property "for public use, without just compensation." *Knick v. Twp. of Scott*, 588 U.S. 180, 189 (2019). Generally, there are four categories of takings claims: physical, land use extractions, regulatory per se, and general regulatory. In its complaint, Plaintiff does not identify which theory of takings it proceeds on. However, in its response to the County's motion to dismiss, Plaintiff appears to argue that the County's conduct constituted a regulatory taking. Dkt. No. 13 at 15–16.

That said, Plaintiff has not pled sufficient facts to support either a per se or general regulatory takings claim. To state a claim for per se regulatory takings, Plaintiff must show that the challenged regulation deprived him of "all economically beneficial or productive use of land." *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992). To support a general regulatory takings claim, the Court considers: (1) the economic impact of the regulation on the claimant (*i.e.*, total value of affected property before and after the government action); (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action. *Murr v. Wisconsin*, 582 U.S. 383, 393 (2017).

---

[4] In its complaint, as a separate cause of action, Plaintiff asserts that Defendant's conduct "constitutes a violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983." Dkt. No. 1-1 at 16. Section 1983 "is not itself a source of substantive rights." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)) (cleaned up). Instead, it "merely provides a method for vindicating federal rights elsewhere conferred." *Id.* Plaintiff concedes that dismissing all its federal claims necessitates dismissal of its § 1983 claim. *See* Dkt. No. 13 at 21. Because the Court dismisses Plaintiff's constitutional claims, the § 1983 cause of action is likewise dismissed without prejudice and with leave to amend.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 13

The complaint alleges only that "Plaintiff held a property interest and right" in the residence and the building permit itself and that "Defendant's conduct constituted an unconstitutional taking of Plaintiff's property without just compensation." Dkt. No. 1-1 at 14. These "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[,]" and at most, constitute a "formulaic recitation of the elements" of a takings claim. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021).

To the extent that Plaintiff buttresses the complaint with additional factual allegations from Plaintiff's briefing, the Court rejects this approach. In deciding a 12(b)(6) motion, "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (discussing two exceptions to this general rule, including the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201); *see also Smith v. Smith*, No. C18-5646 BHS2019, 2019 WL 355265, at *2 (W.D. Wash. Jan. 29, 2019) ("When deciding a motion to dismiss, the Court considers facts alleged in the pleadings, and does not consider additional allegations made in briefing.").

Even if the Court accepted Plaintiff's newly alleged facts in its opposition brief, these facts are insufficient to show that the County could be liable under either a per se or general regulatory takings theory. Dkt. No. 13 at 16 (describing how Plaintiff was not able to construct a building without an approved permit, and thus, could not use or enjoy the property). A per se takings claim requires a complete deprivation of property use. *Lucas*, 505 U.S. at 1015. While Plaintiff could not build a residence of its desired height and size during the pendency of the permit review process, Plaintiff was not completely excluded from the tract. Moreover, Plaintiff cannot state a claim for general regulatory takings because it does not allege facts showing that the property value changed due to the initial permit denial and subsequent delays. *Murr*, 582 U.S. at 393.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 14

Instead, Plaintiff alleges it incurred costs from hiring an architect to design and permit the building, but such costs are not tied to the property value itself. And to the extent Plaintiff argues that it had a property interest in the building permit itself, this claim is also factually deficient and fails for the reasons explained below. *Infra* Section (III)(D)(2).

Thus, Plaintiff fails to state a takings claim, and the Court dismisses this cause of action without prejudice and with leave to amend.

2. <u>Plaintiff fails to state a claim for substantive or procedural due process violations.</u>

Plaintiff asserts both substantive and procedural due process claims under the Fourteenth Amendment. For both due process claims, a plaintiff must first show a protected liberty or property interest. *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988); *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008); *Maui Vacation Rental Ass'n, Inc. v. Cnty. of Maui*, No. 07-00495 JMS/KSC, 2007 WL 4440962, at *7 (D. Haw. Dec. 19, 2007), *aff'd*, 303 F. App'x 416 (9th Cir. 2008) ("[A] protected property interest is a necessary component to a substantive due process claim."). Then, for a procedural due process claim, a plaintiff must sufficiently allege facts showing deprivation of the liberty or property interest by the government and a lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). In contrast, to avoid dismissal of its substantive due process claim, Plaintiff must demonstrate that the County's "official conduct" that led to his permit delay lacked any "reasonable justification in the service of a legitimate government objective[,]" thus rendering it arbitrary and irrational. *Shanks*, 540 F.3d at 1088 (cleaned up); *see also Star Nw. Inc. v. City of Kenmore*, No. 06-35801, 2009 WL 123297, at *1 (9th Cir. Jan. 7, 2009) (describing this showing as an "exceedingly high burden").

In this case, Plaintiff fails to state a claim under the Fourteenth Amendment because it did not sufficiently plead facts showing that it held a liberty or property interest in BUILD-22-0014 or the process to appeal the permit denial. Generally, an applicant does not have a protected property

interest in a building permit where the permitting scheme is entirely discretionary. *See Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62–64 (9th Cir. 1994) (explaining that a protected property interest arises from an individual's reasonable expectation of entitlement deriving from "existing rules or understandings that stem from an independent source such as state law"). On the other hand, if there are "significant substantive restriction[s]" on the government in determining whether to grant the permit, then it is more likely that an applicant has a property interest. *Id.* at 63. Thus, the operative inquiry is whether the County had discretion to issue a replacement building permit. To decide this question, the Court considers the language of the statute and the "extent to which the entitlement is couched in mandatory terms." *Id.* at 62.

Here, the Court is unable to perform this inquiry. Because Plaintiff's legal conclusions remain disjointed from its factual recitation, on the face of the complaint, the Court cannot reasonably discern what statutory language Plaintiff believes confers a protected property interest—in either BUILD-22-0014 or the administrative appeals process. Rather, the complaint merely states that "Defendant's conduct violated Plaintiff's substantive and procedural due process rights." Dkt. No. 1-1 at 15. The Court is left guessing whether Plaintiff intended to allege a protected interest in the permit appeals process, the building permit itself, or both, and on what basis.[5]

The Court notes that Plaintiff alleged a "property interest and right in and to BUILD-22-0014" under its fourth cause of action for takings. Dkt. No. 1-1 at 14. If Plaintiff intended for this statement to also support its due process causes of action, these claims still fail because Plaintiff does not identify the legal basis for this claimed property right. *See, e.g.*, *Gelber v. City of Willits*, No. 23-cvV-00681-JSC, 2023 WL 7003241, at *3 (N.D. Cal. Oct. 23, 2023) (dismissing plaintiff's

---

[5] The County interprets both the complaint and Plaintiff's briefing to suggest that Plaintiff asserts a protected interest in the appeals process, not BUILD-22-0014. *See* Dkt. No. 15 at 7–8.

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 16

due process claim because plaintiff "[did] not identify any statutes or ordinances that contain substantive predicates governing official decisionmaking about providing water service" or "identify any statute with explicitly mandatory language specifying the outcome that must be reached if the substantive predicates are satisfied"); *Lull v. Cnty. of Placer*, No. 2:17-cv-2216-KJM-EFB PS, 2019 WL 4302341, at *5 (E.D. Cal. Sept. 11, 2019), *report and recommendation adopted*, No. 2:17-cv-2216-KJM-EFB PS, 2019 WL 4747647 (E.D. Cal. Sept. 30, 2019).

Accordingly, the Court dismisses Plaintiff's due process claims without prejudice and with leave to amend.

3. <u>Plaintiff fails to state a claim for equal protection violations.</u>

To survive a motion to dismiss the equal protection claim, Plaintiff must plead facts showing that the County's decision to initially deny and delay his permit application was done arbitrarily or maliciously. *Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 955 (9th Cir. 2006) (finding relevant evidence that the city refused to accept or process plaintiff's permit application as evidence of arbitrary action). Where an equal protection claim does not involve a protected class, as is the case here, "a claim may arise under a 'class of one' theory where the plaintiff claims that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Williams v. Warner*, No. 3:15-cv-05655-BHS-JRC, 2017 WL 1753531, at *7 (W.D. Wash. Apr. 3, 2017) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)), *report and recommendation adopted*, No. C15-5655BHS, 2017 WL 1710978 (W.D. Wash. May 3, 2017).

Here, Plaintiff's equal protection claim fails because the complaint does not identify any other similarly situated entity or individual who was treated differently from Plaintiff—that is, an applicant who had their permit application processed without use of "new methods for calculating" the AGL or without delay. *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2024 WL

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 17

1241063, at *13 (W.D. Wash. Mar. 22, 2024) (dismissing Plaintiff's complaint because the "similarly situated" individuals she identified were not comparable); *Patel v. City of S. El Monte*, 827 F. App'x 669, 672 (9th Cir. 2020) (affirming dismissal of class-of-one equal protection claim at motion to dismiss stage where the allegedly similarly-situated entities were not comparable); *Chico Scrap Metal, Inc. v. Raphael*, 830 F. Supp. 2d 966, 975 (E.D. Cal. 2011) ("It is also meaningful that Plaintiffs do not allege that any other similarly situated scrap metal facility tested positive for hazardous waste."), *aff'd and remanded sub nom. Chico Scrap Metal, Inc. v. Robinson*, 560 F. App'x 650 (9th Cir. 2014). *C.f. Bldg. 11 Invs. LLC v. City of Seattle*, 912 F. Supp. 2d 972, 983–84 (W.D. Wash. 2012) (denying motion for judgment on the pleadings where the plaintiff identified three similarly situated lessees). Plaintiff's vague, conclusory statement that "other similarly situated building permit application applicants" were treated differently is insufficient. Dkt. No. 1-1 at 16; *see also Benavidez*, 993 F.3d at 1144–45.

Therefore, Plaintiff's equal protection claim is dismissed without prejudice and with leave to amend.

### IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to dismiss is GRANTED. The Court DISMISSES with prejudice Plaintiff's permit delay claim under RCW ch. 64.40.

The Court DISMISSES the LUPA and RCW ch. 64.40 permit conditions claims without prejudice. The Court also DISMISSES without prejudice Plaintiff's takings, due process, and equal protection claims under the Fifth and Fourteenth Amendments, as well as Plaintiff's § 1983 claim. The Court GRANTS leave to amend as to the claims dismissed without prejudice.

Lastly, Plaintiff's partial motion for summary judgment is DENIED as moot.

Dated this 16th day of December, 2024.

                                                          Kymberly K. Evanson
                                                          United States District Judge