1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN KETCH LLC,
                        Plaintiff(s),

        v.

SAN JUAN COUNTY,
                        Defendant(s).

NO. C24-00931-KKE

ORDER ON MOTIONS TO DISMISS

This case arises from a building permit denial.  Plaintiff John Ketch LLC initially sued San Juan County (the "County") alleging violations under the Land Use Protection Act ("LUPA"), Washington Revised Code ("RCW") ch. 64.40, and the Fifth and Fourteenth Amendments.  Dkt. No. 1-1.  This Court dismissed with prejudice the permit delay claim under RCW ch. 64.40.  Dkt. No. 18.  The Court dismissed without prejudice Plaintiff's LUPA and RCW ch. 64.40 permit conditions claims, as well as Plaintiff's federal constitutional claims, and granted leave to amend. *Id.*  Before Plaintiff amended its original complaint, the County filed an Answer and asserted a counterclaim for attorney's fees.  Dkt. No. 19.

Now, Plaintiff moves to dismiss the County's counterclaim, arguing that the counterclaim is rendered moot after it filed the First Amended Complaint ("FAC").  Dkt. No. 21.  In response, the County moves to dismiss Plaintiff's FAC for failure to state a claim.  Dkt. No. 22.

ORDER ON MOTIONS TO DISMISS - 1

1

2

For the reasons below, the Court denies Plaintiff's motion to dismiss as moot (Dkt. No. 21) and strikes the County's Answer to the original complaint (Dkt. No. 19).  The Court also denies the County's motion to dismiss the FAC.  Dkt. No. 22.

3

4

## I.    BACKGROUND

5

### A.    Factual Allegations in Plaintiff's FAC[1]

6

7

8

9

10

11

12

13

14

15

Plaintiff John Ketch LLC is a Washington limited liability company that owns a tract of real property located on Orcas Island, within San Juan County.  Dkt. No. 20 at 1.  The residence on the property was destroyed in September 2019.  *Id.* ¶ 3.3.  Plaintiff hired an architect to assist with designing and permitting a structure to replace the previous building.  *Id.* ¶ 3.4.  In September and October 2020, Plaintiff's architect corresponded with the County's Department of Community Development about how the non-conforming structure provisions of the San Juan County Code ("SJCC") apply to the proposed redevelopment.  *Id.* ¶ 3.5.  Plaintiff's architect submitted a diagram providing the calculations for the Average Grade Level ("AGL") to determine the maximum allowable height of the new home.  *Id.*  Plaintiff alleges that the County responded and confirmed that the approach proposed by the architect complied with the SJCC.  *Id.*

16

17

18

19

20

21

In January 2022, Plaintiff submitted a complete building permit application ("BUILD-22-0014") to the Department of Community Development.  Dkt. No. 20 ¶ 3.6.  In June 2022, the County requested Plaintiff provide an egress plan and suggested that the AGL was incorrect without elaborating as to why.  *Id.* ¶ 3.7.  In the following months, Plaintiff attempted to discuss the AGL calculation with County employees, who eventually stopped responding to Plaintiff's communications.  *Id.* ¶ 3.8.

22

23

24

[1] For purposes of a motion to dismiss, the Court assumes that the facts alleged in the complaint are true.  *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).

1  In November 2022, the County finally responded, explaining that the proposed replacement

2  structure did not conform with the SJCC's maximum height allowance because it would be taller

3  than the height of the previous legal, non-conforming building. Dkt. No. 20 ¶ 3.9. Plaintiff alleges

4  that the County failed to cite any portion of the SJCC that required that the proposed replacement

5  structure could not be taller than the previously existing building. *Id.*

6  On June 2, 2023, the County wrote Plaintiff a letter "denying the permit" because it did not

7  comply with SJCC 18.50.090. Dkt. No. 20 ¶ 3.11. In particular, the County's letter stated that

8  BUILD-22-0014 was denied "because the height of the proposed redevelopment is greater than

9  the original fire destroyed structure" and would be "located within the Shoreline Aesthetic Setback

10 which extends 100 feet inland from the Top of Bank." *Id.* The letter lastly stated that the proposed

11 replacement structure "could be replaced in its original three-dimensional envelope." *Id.*

12 On June 20, 2023, Plaintiff appealed the June 2, 2023 denial letter. Dkt. No. 20 ¶ 3.12. To

13 date, the County Hearing Examiner has yet to set this appeal for a hearing. *Id.* Plaintiff then

14 directed its architect to design new plans that complied with the County's requirements, as

15 explained in the June 2, 2023 letter. *Id.* ¶ 3.13.

16 In October 2023, the County's Hearing Examiner issued a decision in an unrelated appeal,

17 which declared that under SJCC 18.50.090, the replacement of a legal, non-conforming structure

18 is not confined to the "original three-dimensional envelope"—as stated in the June 2, 2023 denial

19 letter. Dkt. No. 20 ¶ 3.14. Later that month, the County then "asserted that the height of the

20 proposed replacement structure was still prohibited" by the SJCC. *Id.* ¶ 3.15. Plaintiff alleges that

21 at several points during correspondence with the County, it asserted methods for calculating AGL

22 that do not appear in the SJCC. *Id.* ¶¶ 3.16–3.17, 3.20, 3.22. At one point, Plaintiff proposed a

23 replacement structure with a shorter building height than the maximum of 35 feet above AGL. *Id.*

24 ¶ 3.28. As Plaintiff continued to exchange correspondence with the County regarding AGL

calculations, the County never provided Plaintiff with a final and appealable decision on the AGL issue. *Id.* ¶¶ 3.19–3.25. Plaintiff also claims that the County "has never required an applicant for a building permit to calculate height using th[e] method[s] [it required from Plaintiff]." *Id.* ¶¶ 3.20, 3.22, 3.26.

On May 8, 2024, the County issued a building permit to Plaintiff, approving the same plans that Plaintiff initially submitted more than two years earlier, in January 2022. Dkt. No. 20 ¶ 3.30. According to Plaintiff, the County "failed to act on BUILD-22-0014 within one hundred twenty days from the date that BUILD-22-0014 was determined to be complete[,]" in January 2022. *Id.* ¶ 3.31.

## B.   Procedural History

Plaintiff filed suit against the County in San Juan County Superior Court on May 28, 2024 (Dkt. No. 1-1 at 2), and the County removed the case to this Court on June 26, 2024. Dkt. No. 1. The Court granted in part and denied in part the County's motion to dismiss the original complaint. Dkt. No. 18. The Court dismissed without prejudice Plaintiff's LUPA and RCW ch. 64.40 permit conditions claims, as well as Plaintiff's federal constitutional claims, and granted leave to amend those claims. *Id.* Plaintiff's remaining claims were dismissed with prejudice. *Id.*

On December 30, 2024, the County filed an Answer to the original complaint, which Plaintiff had not yet amended. Dkt. No. 19. In its Answer, the County asserted a counterclaim against Plaintiff, seeking an award of attorney's fees and costs pursuant to RCW ch. 64.40. *Id.* at 17.

Plaintiff amended its complaint on January 10, 2025, asserting substantive due process and equal protection claims. Dkt. No. 20 at 10, 18. A week later, Plaintiff moved to dismiss the County's counterclaim. Dkt. No. 21. The County then moved to dismiss the FAC. Dkt. No. 22. The parties fully briefed both motions, and the dispute is ripe for the Court's consideration.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II.    MOTION TO DISMISS STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  If a court decides to dismiss a complaint for failure to state a claim, it should grant leave to amend even if no such request was made, unless the pleading cannot be cured by alleging other facts. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Olympus Spa v. Armstrong*, 675 F. Supp. 3d 1168, 1201 (W.D. Wash. 2023).

## III.    ANALYSIS

### A.    Plaintiff's Motion to Dismiss Is Moot Because the FAC Supersedes the County's Answer to the Original Complaint.

"[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (cleaned up); *Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 1621076, at *2 (W.D. Wash. Apr. 15, 2024). Here, Plaintiff timely filed the FAC, and the original complaint ceased to exist.  The County's Answer and Plaintiff's motion to dismiss the Answer's counterclaims both pertain to the original complaint and are now moot.  *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009).  The parties agree as much.  *See* Dkt. No. 21 at 4, Dkt. No. 23 at 2.  Accordingly, the Court

denies Plaintiff's motion to dismiss as moot and strikes the County's Answer to the original complaint.[2]

**B.      The County's Motion to Dismiss Is Denied.**

1.      <u>The FAC sufficiently states a substantive due process claim.</u>

To establish a claim for substantive due process, a plaintiff must first show entitlement to a protected liberty or property interest. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). After amending the complaint, Plaintiff has sufficiently pleaded facts showing that it held a property interest in BUILD-22-0014. An applicant typically does not possess a protected property interest in a building permit if the permitting scheme is entirely discretionary. *See Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) ("A statute that grants the reviewing body unfettered discretion to approve or deny an application does not create a property right."). However, if there are "significant substantive restriction[s]" on the government in deciding whether to approve the permit, then it is more likely that an applicant has a property interest. *Wedges/Ledges*, 24 F.3d at 62. Here, the FAC identifies the permitting scheme and mandatory requirements that purportedly constrained the County's discretion to award permits for replacement structures. *See* Dkt. No. 20 ¶¶ 4.5.3, 4.5.4, 4.6.2. The County does not argue otherwise, and as such, the Court finds that the Plaintiff has adequately pleaded a protected property interest.

Next, the Court considers whether Plaintiff sufficiently pleaded facts showing that the County's decision-making process lacks a rational relationship to a legitimate government interest. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008); *Shanks*, 540 F.2d at 1089.

---

[2] Plaintiff also asks the Court to rule that the County is precluded from seeking an award of attorney's fees arising from Plaintiff's now dismissed permitting claim under RCW ch. 64.40. Dkt. No. 21 at 6–7. There is currently no fee request pending before the Court. The Court will not render advisory opinions on a hypothetical fee request. *See, e.g.*, *Cole-Tindall v. City of Burien*, No. 3:24-cv-00325-RAJ, 2024 WL 5379336, at *5 (W.D. Wash. Sept. 24, 2024).

1    Government action, including in the context of land use permitting, violates an applicant's

2    substantive due process rights if it "depriv[e]s a person of life, liberty, or property in such a way

3    that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"

4    *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998); *Woods View II, LLC v. Kitsap*

5    *Cnty.*, No. C10-5114BHS, 2011 WL 2491594, at *7 (W.D. Wash. June 22, 2011), *aff'd*, 484 F.

6    App'x 160 (9th Cir. 2012); *Piefer Const., Inc. v. City of Tacoma*, No. C09–5003 RBL, 2010 WL

7    3502562, at *3 (W.D. Wash. Sept. 3, 2010) (citing *Nunez*, 147 F.3d at 871).

8         Plaintiff alleges that the County purposefully delayed processing its building application,

9    at first approving Plaintiff's preliminary AGL calculation before rejecting the same calculation

10   without "any explanation or basis[.]"    Dkt. No. 20 ¶ 3.7.    Plaintiff alleges that throughout

11   subsequent revisions and communications with the County, the County failed to clarify the basis

12   for continually changing its AGL calculation method. *Id.* ¶¶ 3.8, 3.9. Specifically, Plaintiff claims

13   that "[d]uring the course of Plaintiff's discussions and interactions with [the County], [the County]

14   variously invented and asserted new methods for calculating [the] Average Grade Level to

15   determine building height, none of which were based on or supported by the plain language of the

16   San Juan County Code." *Id.* ¶ 3.22. Plaintiff also alleges that the County's proposed calculation

17   "randomly" excluded certain measurements without explanation. *Id.* ¶ 3.26. Plaintiff further

18   alleges that when the County ultimately issued the building permit more than two years after

19   Plaintiff's first application, the County approved the exact same plans and AGL that Plaintiff first

20   applied with. *Id.* ¶ 3.30. Accepting these allegations as true and construing them in the light most

21   favorable to Plaintiff, the Court concludes that Plaintiff has sufficiently pleaded arbitrary

22   government action amounting to "more than a lack of due care on [the County's] part." *Shanks*,

23   540 F.3d at 1089.

24

In its motion to dismiss, the County cites several cases in this district and the Ninth Circuit, in which courts declined to consider legal errors in the permitting process "constitutionally arbitrary." *See, e.g., Piefer*, 2010 WL 3502562, at *4; *Woods View II*, 2011 WL 2491594, at *8; *Silver Mountain Dev., Inc. v. City of Silverton*, No. 6:21-CV-00809-MK, 2024 WL 68355, at *5 (D. Or. Jan. 5, 2024). However, these cases considered substantive due process claims on motions for summary judgment, after the plaintiffs had the benefit of discovery. In contrast, Plaintiff's case is still in its early stages, discovery has yet to commence, and the Court need only consider the sufficiency of the pleadings.

The County also compares this case to *Vogt v. City of Orinda*, a case from the Northern District of California, in which the court granted a motion to dismiss a substantive due process claim involving a request for lot line adjustments. No. C11-2595 CW, 2012 WL 1565111 (N.D. Cal. May 2, 2012). In *Vogt*, the Court noted that "Plaintiff himself allege[d] that Defendants were motivated by a desire to maintain Orinda's semi-rural character[.]" *Id.* at *4. In other words, Vogt himself conceded that the city had a rational, legitimate government basis for denying his request, and under the Rule 12(b)(6) standard, the court assumed that allegation was true. Here, Plaintiff alleges that the County had no lawful reason to continually change its AGL calculation methods, especially considering that the County eventually accepted Plaintiff's initial calculation after two years of unexplained demands for different calculations. These allegations are sufficient to survive a motion to dismiss. *See, e.g., Honchariw v. Cnty. of Stanislaus*, No. 1:21-CV-00801-SKO, 2023 WL 4600873, at *7 (E.D. Cal. July 18, 2023) (denying motion to dismiss on substantive due process claim involving land use decision); *Patru v. Rush*, No. 3:13-CV-00357-SI, 2015 WL 2062193, at *5 (D. Or. May 4, 2015) (same).

Likewise, the County's reliance on *Merrill v. County of Madera* is unavailing because of *Merrill*'s distinct procedural history. No. 1:05-CV-0195 AWI SMS, 2013 WL 1326542 (E.D. Cal.

Mar. 29, 2013); Dkt. No. 22 at 9.  In *Merrill*, the plaintiffs alleged that the defendants' denial of several land use permits and citations violated the plaintiffs' substantive due process and equal protection rights.  *Id.* at *4.  The case proceeded to trial, and the Court issued judgment as a matter of law to the defendants on some claims, while the remaining claims were sent to a jury.  *Id.* at *1. The plaintiffs appealed, and the Ninth Circuit reversed and remanded the Court's dismissal of the plaintiffs' substantive due process claim, directing the district court to consider whether the plaintiffs' amended complaint states a claim for relief under Rule 12(b)(6).  *Id.*  In its decision on remand, the district court expressly found that it was required to consider the evidence admitted at trial and the jury's verdict "[g]iven the unique procedural posture of this action."  *Id.* at *7 n.1. The district court ultimately concluded that "[t]he complaint's allegations *and the trial's evidence* showed, at best, negligence" and not constitutionally arbitrary conduct in violation of the plaintiffs' due process.  *Id.* at *8 (emphasis added).  As a result, *Merrill* is also not persuasive authority here, where the Court considers only the allegations in Plaintiff's complaint.

In sum, accepting all Plaintiff's allegations as true (as the Court must), the FAC sufficiently states a substantive due process claim.  On these facts, a reasonable juror could conclude that the County improperly interfered with Plaintiff's property rights by repeatedly and arbitrarily revising the parameters of the AGL calculation only to accept Plaintiff's original calculation without explanation two years later, and that the County did so without an underlying rational government purpose.  To be clear, the County may present evidence at summary judgment or at trial that establishes a legitimate government interest in the County's treatment of Plaintiff's permit application, or that undermines Plaintiff's characterization of the County's conduct in other meaningful ways.  For instance, the County could establish that the delays and repeated changes to the AGL formula were merely mistakes in the permitting process that do not rise to the level of a constitutional claim or that Plaintiff's allegations are otherwise factually incorrect.  Plaintiff's

ultimate burden to prove its substantive due process claim remains high, but under the liberal standard of Rule 12, the Court must deny the motion to dismiss.

2.  The FAC sufficiently states an equal protection claim.

Plaintiff's equal protection claim proceeds under a "class of one" theory, *i.e.*, that the County "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC*, 526 F.3d at 486.  "Class of one" claims are difficult to prove. Plaintiff must establish that (1) other similarly situated individuals were treated better or differently than Plaintiff (*id.*); (2) "the discriminatory treatment 'was intentionally directed at just [Plaintiff], as opposed ... to being an accident or random act'" (*id.*); and (3) there is no "reasonably conceivable state of facts that could provide a rational basis for the challenged [government action]" (*Merrifield v. Lockyer*, 547 F.3d 978, 989 (9th Cir. 2008)).  *See also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The County argues that Plaintiff's equal protection claim must be dismissed because it fails to sufficiently allege that other similarly situated property owners were treated differently.  Dkt. No. 22 at 9.  "'Class of one' discrimination involves more strict enforcement of the similarly-situated requirement" as opposed to equal protection claims premised on discrimination of a protected class (*i.e.*, classification theory).  *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2016 WL 1639372, at *14 (N.D. Cal. Apr. 26, 2016).  To be similarly situated under the "class of one" theory, these other property owners must be "*prima facie* identical in all relevant respects." *Hood Canal Sand & Gravel, LLC v. Brady*, 129 F. Supp. 3d 1118, 1125 (W.D. Wash. 2015) (quoting *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)).  Indeed, class-of-one plaintiffs "must show an extremely high degree of similarity" between them and their comparators. *Jardine-Byrne v. Santa Cruz Cnty.*, No. 5:16-cv-03253-EJD, 2017 WL 5525900, at *4 (N.D. Cal. Nov. 17, 2017), *aff'd sub nom. Jardine-Byrne v. Santa Cruz Cnty. Bd. of L. Libr. Trustees*, 735 F.

App'x 417 (9th Cir. 2018); *see also Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59–60 (2d. Cir. 2010).

Plaintiff alleges that four other property owners are similarly situated to it. Dkt. No. 20 ¶¶ 5.5.1–.3, 3.20, 3.22. Plaintiff argues that it is *prima facie* identical to these other owners because each owner proposed projects involving increasing the heights of nonconforming single-family residences in the shoreline jurisdiction, each project was subject to the same land use and development regulations, each project involved calculation of the height of the structure following redevelopment, and each project was reviewed, processed, and approved by San Juan County. Dkt. No. 25 at 18; *see also* Dkt. No. 20 at 20–23. Plaintiff alleges that though these other owners were subject to the same regulations, the County treated them disparately, "applying the plain language of the San Juan County Code" to their projects instead of "any of the methods [the County] claimed applied to Plaintiff's building permit application." Dkt. No. 20 ¶¶ 5.5.1–.3.

The County argues that Plaintiff has not carried its burden because the alleged comparators are not "prima facie identical with respect to the main relevant factors of site topography and structure design." Dkt. No. 26 at 6. To support this contention, again, the County cites decisions under Federal Rule of Civil Procedure 56, not Rule 12. *Id.* at 7 (citing *Purze*, 286 F.3d at 455; *Burch v. Smathers*, 990 F. Supp. 2d 1063, 1076 (D. Idaho 2014); *Lee v. Winborn*, No. 3:17-CV-6065-DWC, 2020 WL 1271572, at *8 (W.D. Wash. Mar. 17, 2020)). In particular, the County relies on *Purze v. Village of Winthrop Harbor*, a Seventh Circuit decision affirming the trial court's grant of summary judgment on the plaintiffs-appellants' "class-of-one" claim. 286 F.3d at 456. In *Purze*, the Seventh Circuit found that the identified comparators were not *prima facie* identical for three reasons: (1) the comparators requested variances for cul-de-sacs that the appellants never did; (2) the comparators developed their property over 20 years ago; and (3) the comparators dealt with topography that "differ[ed] greatly from the topography of the [appellants'] property." *Id.* at

455. The County argues that, like in *Purze*, the topographical differences between Plaintiff's lot and his so-called comparators render the properties too dissimilar to support a class of one claim. Dkt. No. 26 at 6–7. This may ultimately be the case. However, at this stage of the litigation, the Court cannot consider the alleged topographical or structural differences in the comparator properties as argued by the County in its brief. Rather, the Court must accept Plaintiff's allegations that the comparator lots are similar in all relevant respects, that the County applied the AGL formula set forth in the County Code without arbitrary changes, and that the comparator property owners were granted permits in a reasonable timeframe. Applying the generous Rule 12 standard, the Court finds Plaintiff has sufficiently stated a "class of one" equal protection claim.

Again, Plaintiff's burden at the summary judgment stage will be high. Mere allegations of similarity will not be sufficient, nor will unfounded claims of arbitrary conduct. Rather, Plaintiff must support its allegations with competent factual material, which the County will have the opportunity to rebut. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). But Plaintiff is not required to make that evidentiary showing to survive a motion to dismiss.

As such, the Court denies the County's motion to dismiss Plaintiff's equal protection claim.

## IV.   CONCLUSION

The Court DENIES Plaintiff's motion to dismiss as moot (Dkt. No. 21) and STRIKES the County's Answer to the original complaint (Dkt. No. 19). The County's motion to dismiss is DENIED. Dkt. No. 22.

No later than May 16, 2025, the parties are directed to file an updated Joint Status Report reflecting new proposed case deadlines and updating any material that has changed since the filing

of their initial status report.  *See* Dkt. Nos. 5 (order regarding joint status report), 14 (parties' initial joint status report).

Dated this 25th day of April, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS TO DISMISS - 13